IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JORGE RIOS, | ) | CASE NO. 1:13 CV 235 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BENNIE KELLY, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] in this action for a writ of habeas corpus under 28 U.S.C.

§ 2254 is a motion by respondent[2] Christopher LaRose[3] as represented by the State of Ohio

(State) to dismiss the petition of Jorge Rios[4] as time-barred. Rios has responded in opposition

to the motion,[5] to which the State has replied.[6]

For the reasons that follow, I will recommend that the State's motion be granted and

that the petition be dismissed.

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge
Donald C. Nugent in a marginal entry order dated February 6, 2013.

[2] Petitioner Jorge Rios is currently incarcerated at the Trumbull Correctional
Institution. Christopher LaRose is the Warden of that institution and, as such, is the proper
party Respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

[3] ECF # 8.

[4] ECF # 1.

[5] ECF # 10.

[6] ECF # 11.

## Facts

The facts relevant to the present motion are neither extensive nor disputed.

Rios, who is now incarcerated and serving a term of 26 years to life for his 2010 conviction on two counts of aggravated murder plus other crimes, had timely appealed that conviction to the Ohio appellate court, but the appeals court affirmed the conviction and sentence on June 23, 2011.[7] The mail log at the prison where Rios was incarcerated at the time indicates that on July 5, 2011, Rios signed for the receipt of mail from his appellate counsel.[8] Nevertheless, Rios failed to file a timely notice of appeal with the Supreme Court of Ohio.

More than a year later,[9] Rios, now represented by new counsel, filed a motion for a delayed appeal with the Ohio Supreme Court.[10] In support of that motion, Rios told the Supreme Court that he had not heard anything from his state appellate counsel regarding his appeal, that he is not fluent in English, and that he did not learn of the appeals court decision in his case until after the 45-day period for filing an appeal had passed.[11] On November 7,

---

[7] ECF # 8 at 7 (citing record).

[8] *Id.* at 8 (citing record).

[9] September 18, 2012.

[10] ECF # 8 at 8 (citing record).

[11] *Id.*

2012, the Ohio Supreme Court denied Rios's motion and dismissed the case.[12] Approximately four months later, Rios filed the present petition for habeas relief.[13]

The State argues here that Rios's conviction was final 45 days after the Ohio appeals court affirmed it – or on August 7, 2011.[14] Thus, absent anything to toll the one-year federal habeas limitations period, Rios was required to file his petition for habeas relief by August 6, 2012.[15] In that regard, the State notes that Rios's motion for a delayed appeal was filed on September 18, 2012, or after the federal limitations period had expired, and so that filing could not have paused the already-expired limitations clock.[16] Accordingly, the State maintains that Rios's habeas petition, which was filed on February 1, 2013, is time-barred.

Rios, for his part, argues that because he "is almost illiterate in the English language," he "could not comprehend what if anything" was in the July 5, 2011, letter from his appellate counsel that he signed for – "or even if it was actually delivered to [him]."[17] By communicating in English with someone not conversant in that language, Rios asserts that his court-appointed appellate counsel "virtually abandoned" him, leaving Rios "without a remedy or advice in any meaningful manor (sic)."[18] He further contends that because he filed

[12] *Id.*

[13] *Id.*

[14] *Id.* at 11.

[15] *Id.*

[16] *Id.* (citing *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001)).

[17] ECF # 10 at 1-2.

[18] *Id.* at 2.

the present habeas action within one year of the Ohio Supreme Court denying his motion for delayed appeal, the petition should be deemed timely filed "from that perspective."[19] Finally, he maintains that he is entitled to equitable tolling because he does not understand English, thus being ignorant of filing requirements, and because his state appellate counsel's mailing of the results of the appeal is equivalent to attorney abandonment, which can provide a basis for excusing a procedural default.[20]

As noted, the State replied to Rios's opposition.[21]

## Analysis

**A.     Standards of review**

**1.     *Statutory tolling***

The AEDPA requires that *habeas* petitions be filed within one year of the latest of four triggering dates set forth at 28 U.S.C. § 2244(d)(1). In this case, the threshold issue is whether Rios timely filed his petition pursuant to 28 U.S.C. § 2244(d)(1)(A). Section 2244(d)(1)(A) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –

---

[19] *Id.* at 4.

[20] *Id.* at 5-7.

[21] ECF # 11.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...[22]

When a habeas petitioner does not file a petition for a writ of certiorari from the decision of the state court of last resort, "direct review" of the state court judgment concludes *after* the expiration of the 90-day period for filing for certiorari.[23]

Furthermore, in order to calculate the deadline pursuant to § 2244(d)(1)(A), the Court must account for collateral review of the petitioner's conviction.[24] As the United States Supreme Court stated in *Lawrence*, § 2244(d)(2) tolls the § 2244(d)(1)(A) limitations period "while a state prisoner seeks postconviction relief in state court."[25] Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.[26]

This tolling period, however, does not include the 90-day period during which the petitioner could seek certiorari from the state court of last resort's denial of an application for postconviction relief; the tolling period is limited to the time between the filing of an

---

[22] Rios does not argue that his petition is timely pursuant to any of the other subsections of 28 U.S.C. § 2244(d)(1).

[23] *See, Clay v. United States*, 537 U.S. 522, 528 n.3 (2003).

[24] *See*, 28 U.S.C. § 2244(d)(2); *Lawrence v. Florida*, 549 U.S. 327, 331 (2007).

[25] *Lawrence*, 549 U.S. at 331.

[26] 28 U.S.C. § 2244(d)(2).

application for postconviction relief and the date of the final state court decision resolving that application.[27]

### 2.     *Equitable tolling*

The doctrine of equitable tolling allows courts to toll a statute of limitations when "a litigant's failure to meet a legally-mandated deadline unavoidable arose from circumstanced beyond that litigant's control."[28] The Supreme Court has held that the statute of limitations for habeas petitions is "subject to equitable tolling in appropriate cases."[29] However, the doctrine of equitable tolling is used sparingly by federal courts.[30] The party seeking equitable tolling bears the burden of proving he is entitled to it.[31] A habeas petitioner is entitled to equitable tolling only if he can make a two-part showing: (1) he has pursued his rights diligently; and (2) some extraordinary circumstance prevented timely filing.[32]

### B.     Application of standards - Rios's petition is untimely, not eligible for equitable tolling and so should be dismissed.

First, Rios's argument that his petition should be deemed timely because it was submitted within a year of the Ohio Supreme Court denying his motion for a delayed appeal

---

[27] *Lawrence*, 549 U.S. at 337.

[28] *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).

[29] *Holland v. Florida*, 560 U.S. 631, 649 (2010).

[30] *See*, *Graham-Humphreys*, 209 F.3d at 560.

[31] *See*, *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

[32] *See*, *Holland*, 560 U.S. at 649.

is essentially an argument for statutory tolling, presumably because of the statutory provision that the pendency of a properly filed motion for post-conviction relief serves to toll operation of the limitations period until the motion is adjudicated. However, as is well-established, even a properly filed motion can only serve to pause an as-yet unexpired limitations period. A motion, as here, filed after the limitations period has already expired, can do nothing to revive a limitations period that has previously lapsed.[33]

Next, as noted above, any argument for equitable tolling must conform to both elements of the two-prongs of *Holland*: (1) that Rios was pursuing his rights diligently, and (2) that some extraordinary circumstance stood in Rios's way to prevent a timely filing.

As the State points out, a receipt from the prison mail log conclusively shows that Rios signed for and received mail from his appellate counsel on July 5, 2011 – 12 days after the Ohio appeals court had issued its opinion and well within the 45-day period for perfecting an appeal to the Supreme Court of Ohio. The evidence is equally clear and conclusive that Rios did nothing as concerns any appeal for over a year, finally submitting his motion for delayed appeal on September 18, 2012.  Moreover, Rios waited nearly three months after the Ohio Supreme Court denied his motion for delayed appeal to file for federal habeas relief. Plainly, without more, these long periods of inactivity do not demonstrate that Rios was in any way diligent in pursuing his rights.

Further, the reasons given by Rios for his prolonged inattention and delay do not qualify as extraordinary circumstances that stood in his way and prevented a timely filing at

---

[33] *Searcy*, 246 F.3d at 519.

the Ohio Supreme Court. Specifically, an inability to understand English is not an extraordinary circumstance that justifies equitable tolling.[34] As the Sixth Circuit has clearly stated, where the record shows that a petitioner's alleged inability to communicate in English has not prevented the petitioner from accessing the courts in the past, "that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations." In that regard, the Sixth Circuit found that "[a]n inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims," at least in part because a petitioner has no right to counsel in a habeas matter, and "because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations...."[35]

Here, Rios had access to the legal system through his state trial and appeal as of right and has made no issue of any inability to communicate with counsel during those proceedings. Further, he has retained counsel for the present habeas petition, and has again not alleged any difficulties in communicating with his current counsel by reason of an asserted difficulty in understanding English.  Thus, by the explicit reasoning of the Sixth Circuit in *Cobas*, Rios's claimed lack of proficiency in English does not constitute a basis for equitable tolling.

---

[34] *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).

[35] *Id.*

Finally, and in a related vein, Rios's argument that his state appellate attorney somehow "abandoned" him by the act of timely transmitting the results of his appeal in a mailing written in English also fails to state a basis for equitable tolling. Moreover, it also fails to show any relevant similarity to cases cited in his opposition brief where attorneys have actually failed to provide constitutionally effective representation by not prosecuting an appeal for which they are responsible or not notifying a client of the result of that appeal.

As such, Rios has not shown that he is entitled to either statutory or equitable tolling in this case. Therefore, the motion of the State should be granted and the matter dismissed.[36]

## Conclusion

For the reasons stated above, the motion of the State[37] should be granted, and the petition for habeas relief by Jorge Rios[38] should be dismissed as untimely.


Dated:  February 13, 2014                         s/ William H. Baughman, Jr.
                                                  United States Magistrate Judge

---

[36] I also note, as did Judge Black in *Rainey v. Brunsman*, No. 3:12-CV-292, 2013 WL 607965, at *3  (S.D. Ohio Feb. 19, 2013), that because Rios failed to timely appeal his conviction to the Ohio Supreme Court, and because his motion for a delayed appeal was denied, even a timely-filed federal habeas petition would be foreclosed by procedural default.

[37] ECF # 8.

[38] ECF # 1.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[39]

---

[39] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).